# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Civil Action No. CIV-24-1016-PRW |
| Plaintiff, | |
| v. | **COMPLAINT** |
| (1) SUNROOMS AND MORE DESIGN CENTER, INC., | |
| Defendant. | **Jury Trial Demanded** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on sex and to provide appropriate relief to Charging Party Leisa Shannon and a class of female employees working for Defendant from October 2022 to present. As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission alleges that the Defendant, Sunrooms and More Design Center, Inc., subjected Shannon and other female employees to a sexually hostile work environment, retaliated against Shannon for reporting sexual harassment, and caused Shannon's constructive discharge.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to

Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Oklahoma.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission ("Plaintiff" or the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.  At all relevant times, Defendant, Sunrooms and More Design Center, Inc. ("Defendant") has continuously been an Oklahoma limited liability company doing business in the State of Oklahoma and the City of Edmond and has continuously had at least 15 employees.

5.  At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Leisa Shannon filed a charge of discrimination with the Commission (EEOC Charge No. 564-2023-01592) alleging violations of Title VII by Defendant.

7. On or about August 4, 2024, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide it the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On or about August 29, 2024, the Commission issued to Defendant a Notice of Failure of Conciliation.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Defendant is a full-service, factory-trained, and nationally recognized sunroom design studio in Edmond, Oklahoma, which installs sunrooms in residential and commercial spaces.

13. Since at least November 2021 and continuing to the present, Defendant has engaged in unlawful employment practices in violation of Section 703 of Title VII, 42 U.S.C. §§ 2000e-2(a)(1). Such unlawful employment practices include subjecting Leisa Shannon and other female employees working for Defendant to a sexually hostile work environment.

   a. Defendant's owner, Donald "Don" Durrett, subjected female employees to unwanted sexual comments and innuendos. Examples include:

      i. Telling a female employee her voice was "sexy";

      ii. Commenting he hoped a female employee's husband knew how lucky he was;

      iii. Telling female employees not to get pregnant while celebrating their birthday;

      iv. Asking female employees if they were ready for their birthday spankings;

      v. Commenting in a sexually-suggestive manner that a female employee must be a "firecracker" after work.

   b. Durrett also touched female employees in an unwelcome and inappropriate manner. Examples include:

      i. Grabbing a female employee's buttocks and around the waist;

      ii. Touching a female employee's legs at a pool during a work trip;

   iii. Grabbing a female employee's thigh-high sock at the thigh and pulling it down to her ankle, saying he liked the socks "better that way".

14. From in or about October 2022 to in or about May 2023, Defendant engaged in unlawful employment practices in violation of Section 704 of Title VII, 42 U.S.C. 2000e-3(a). Such unlawful employment practices include retaliating against Leisa Shannon for engaging in protected activity.

  a. Shannon engaged in protected activity in opposing sex discrimination. Shannon told Durrett directly that his conduct was not appropriate and unwanted. Shannon reported to General Manager Michael Hainrihar that Durrett made sexual comments and innuendo that made her uncomfortable, and that he touched her inappropriately.

  b. Defendant subjected Shannon to an adverse employment action because of her protected activity. Defendant attempted to send Shannon home without pay after reporting Durrett's inappropriate touching, did not pay her bonuses which she earned, and denied her request for a day off.

15. In or about May 2023, Defendant engaged in unlawful employment practices in violation of Sections 703 and 704 of Title VII, 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3(a). Such practices include causing Leisa Shannon's constructive discharge on May 15, 2023.

5

   a. Durrett continued to harass Shannon despite her objections to him directly and reports to Hainrihar about the hostile work environment.

   b. Defendant withheld Shannon's bonuses and denied her time off request in retaliation for her reports of unlawful employment practices.

16. The effect of the practices complained of in paragraphs 13-15 above has been to deprive Shannon and a class of female employees of equal employment opportunities and otherwise adversely affect their status as employees because for their sex and, for Shannon, because of her protected activity.

17. The unlawful employment practices complained of in paragraphs 13-15 were and are intentional.

18. The unlawful employment practices complained of in paragraphs 13-15 above were done and are done with malice and with reckless indifferent to the federally protected rights of Shannon and a class of female employees.

19. As a direct and proximate result of the unlawful employment practices complained of in paragraphs 13-15 above, Shannon and a class of female employees have suffered actual pecuniary and non-pecuniary damage, including but not limited to emotional pain, suffering, embarrassment, and inconvenience, and, for Shannon, lost earnings and benefits.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation

with it, from discriminating against female employee and employees who engage in protected activity;

B.   Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for female employees and which eradicate the effects of its past and present unlawful employment practices;

C.   Order Defendant to make Leisa Shannon and a class of female employees whole by providing compensation for past and future pecuniary and nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 13-15 above, including but not limited to emotional distress damages, pain and suffering, anxiety, loss of enjoyment of life, humiliation, embarrassment, and inconvenience, in amounts to be determined at trial;

D.   Order Defendant to pay Shannon and a class of female employees punitive damages for its malicious and reckless conduct as described in paragraphs 13-15 above, in amounts to be determined at trial;

E.   Order Defendant to make whole Leisa Shannon and a class of female employees whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to awarding front pay to Shannon;

F.   Grant such further relief as the Court deems necessary and proper in the public interest; and

G.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

KARLA GILBRIDE
General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ANDREA G. BARAN
Regional Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
St. Louis District Office
1222 Spruce St., Rm. 8.100
St. Louis, MO 63103
(314) 798-1914 (Phone)
andrea.baran@eeoc.gov (e-mail)

*s/Lauren W. Johnston*
LAUREN W. JOHNSTON
Assistant Regional Attorney
JOSHUA C. STOCKTON
Senior Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Oklahoma City Area Office
215 Dean A. McGee Ave., Suite 524
Oklahoma City, OK 73102
(405) 666-0379 (Johnston's Phone)
(405) 666-0387 (Stockton's Phone)
lauren.johnston@eeoc.gov (email)
joshua.stockton@eeoc.gov (email)

**ATTORNEYS FOR PLAINTIFF
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**

8