**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>2. LEISA SHANNON,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>1. SUNROOMS AND MORE DESIGN CENTER, INC.,<br><br>Defendant. | ) | No. CIV-24-1016-PRW<br><br>Jury Trial Demanded |

**INTERVENOR'S COMPLAINT**

**COMES NOW THE PLAINTIFF-INTERVENOR,** and for her cause of action shows this Court that the following allegations are in addition to, and not in replacement of, the allegations made by the Equal Employment Opportunity Commission.

**PARTIES**

1. The plaintiffs are:

   A. The Equal Employment Opportunity Commission (hereafter "EEOC"), and

   B. Leisa Shannon, as the Plaintiff-Intervenor (hereafter "Plaintiff"), an adult female resident of Oklahoma County, Oklahoma.

2. The Defendant is Sunrooms and More Design Center, Inc. (hereafter "Sunrooms"), a business entity with its headquarters in Oklahoma County, Oklahoma.

**JURISDICTION AND VENUE**

3. Plaintiff's cause of action is for discrimination and harassment based on her gender, culminating in a constructive discharge. Jurisdiction over this claim is provided by

42 U.S.C. § 2000e(f)(1) and 28 U.S.C. § 1331.

4. All of the actions complained of herein occurred within Oklahoma County, and the Defendant may be served in that county. Oklahoma County is within the Western District of the United States District Courts, and therefore venue is proper in this Court under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3).

**STATEMENT OF FACTS**

5. Ms. Shannon is a female who was employed by the Defendant from approximately November 24, 2021 until her constructive discharge on or about May 15, 2023.

6. At all times pertinent to this case, the Defendant employed fifteen (15) or more employees.

7. At the time of her constructive discharge, Plaintiff was a Customer Support Manager. Plaintiff's job duties as customer support manager included contacting customers and potential customers for sales, processing contracts, creating reports for the operations manager, and filling in for the customer service representative in her absence.

8. At all times Plaintiff was qualified for her job and satisfactorily performed her job duties.

9. Minority owner and general manager Michael Hainrihar performs the human resources functions for the Defendant, and directly supervised the Plaintiff.

10. Majority owner Donald "Don" Durrett (late 60's) has owned Sunrooms & More Design Center for 37 years.

11. From the outset of Plaintiff's employment, Durrett sexually harassed her, routinely commenting on her appearance and making sexual innuendos in her presence. Durrett engaged in this conduct daily throughout Ms. Shannon's employment. The comments included telling Plaintiff that her voice was "sexy," that he hoped her husband knew

how lucky he was. Shortly before Plaintiff's birthday, Durrett told Plaintiff, "Don't get pregnant," and asked if she was ready for her birthday spanking.

12. Durrett knew his comments were inappropriate, and he frequently said, "I'm going to get in trouble for saying that."

13. Mr. Hainrihar knew about Durrett's conduct and was aware that Ms. Shannon found his conduct offensive. Nonetheless, Mr. Hainrihar did not stop it. Instead, Hainrihar told Ms. Shannon and another female employee to advise newly hired women to be careful around Durrett. Hainrihar also monitored video cameras at the facility and called Ms. Shannon if he observed Durrett speaking with female employees while Hainrihar was out.

14. To Plaintiff's knowledge, Defendant did not have any policies, procedures, or postings related to harassment or discrimination, and provided no EEO training to its employees.

15. Plaintiff told Hainrihar about Durrett's inappropriate comments toward her and other female employees, but he did not offer any solutions or take any action to stop the harassment.

16. Plaintiff attempted to tolerate the unwelcome and offensive conduct because she needed the income for her family. Plaintiff wanted a career where she could work for the same employer for many years until she was ready to retire.

17. During the first two weeks of April 2023, Durrett physically touched Plaintiff's legs in an inappropriate and unwelcome manner. While Plaintiff was wearing a professional skirt and thigh high socks, Durrett commented on Plaintiff's attire and grabbed the top of Plaintiff's sock at the thigh and pulled it down to her ankle, scratching her leg in the process. Durrett then said he "liked them better that way."

Plaintiff told Durrett, "That's not okay," and she was visibly upset by the incident. She felt anxious the rest of the day and was reminded of the incident each time she felt the scratch on her leg.

18. Mr. Hainrihar was not present when the sock incident happened, but when he returned to work, Plaintiff was very upset and immediately told him about it. She told him she had been avoiding Durrett ever since the incident, and she mentioned again that Durrett was continuing to make sexually inappropriate comments.

19. Apparently because of Plaintiff's complaints, Mr. Durrett and Mr. Hainrihar had a meeting, after which Plaintiff was told to take the rest of the week off – without pay – to "get [her] life together." Plaintiff told Mr. Hainrihar that she could not go home unpaid for the rest of the week, but she agreed to leave for the remainder of the day because she was so upset by this statement.

20. The next day, Mr. Hainrihar scolded Plaintiff for leaving the previous day, even though he was the one who suggested she go.

21. After this incident, Mr. Hainrihar began treating Plaintiff differently. On April 22, 2023, Hainrihar withheld bonuses Plaintiff earned from scheduling potential customer consultations. On or about April 24, 2023, Plaintiff was scheduled for a day off on May 8, 2023, but Hainrihar changed his mind and denied her scheduled vacation day.

22. When Plaintiff asked Hainrihar about the missed bonus payments, he became rude and angry, claiming she was not entitled to bonuses because one customer was Durrett's friend and another customer had a flat roof, even though these types of reasons had never previously disqualified her from receiving bonuses.

23. Durrett's harassing conduct also continued. On May 2, 2023, Durrett told Plaintiff her voice was "sexy." On May 8, Durrett told Plaintiff she looked nice and needed an

older man.

24. On May 9, 2022, Hainrihar again withheld Plaintiff's bonuses. Around the same time, Hainrihar also told Plaintiff he was hiring back a former employee, which would affect Plaintiff's ability to earn bonuses.

25. Plaintiff was aware that Durrett was sexually harassing other females, which worsened the already abusive nature of the work environment. In particular, Plaintiff was aware of a female employee who stated that at least weekly, and sometimes daily, Durrett touched her lower waist and back, made sexual comments such as, "I bet you're a firecracker after work," and that he touched her legs at the pool during a work trip. Plaintiff was also aware that in or around March 2022, Durrett grabbed a female employee's buttocks at work. The employee immediately reported the incident to Hainrihar, and thereafter Durrett offered money to the employee. Durrett touched the same employee on other occasions, including grabbing her waist.

26. On May 15, 2023, Plaintiff was constructively discharged because she could no longer tolerate the on-going harassment, the retaliation for complaining of the harassment, and the aggravating factor of refusing to correct the harassment.

27. As the direct result of Defendant's conduct, Plaintiff has suffered injury in the form of lost income, past, present, and future, emotional distress, anxiety, embarrassment, and other similar harms for which she should be compensated in money.

28. The denial of bonus payments as set out in Paragraphs 21, 22 and 24 above is also a violation of Oklahoma's Protection of Labor Act, 40 O.S. §§ 165.1 - 165.9, under which the Plaintiff is entitled to the full amount of the withheld bonuses together with liquidated damages, costs, and fees as provided by law.

29. Because the harmful acts were conducted by the primary owner of the Defendant,

Plaintiff is entitled to an award of punitive damages in such amount as is allowed by law.

30. Plaintiff timely filed a charge of discrimination with the EEOC on or about August 24, 2023. The EEOC has investigated and found that Plaintiff's complaints were supported by the evidence and accordingly brought an enforcement action against the Defendant. Plaintiff has sought and received permission to intervene in that action, and files this Complaint on her own behalf in addition to the allegations and relief sought by the EEOC.

**WHEREFORE**, Plaintiff prays that judgment be entered on her behalf for all damages including lost earnings, withheld bonuses, emotional and mental distress, liquidated and punitive damages, costs and attorney's fees.

**RESPECTFULLY SUBMITTED THIS 21st DAY OF JANUARY, 2025.**

Hammons, Hurst & Associates

s/ Mark Hammons
Mark Hammons, OBA #3784
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
assistant@hammonslaw.com
Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

A true copy of the foregoing was filed and served by use of this Court's ECF system of filing and service to the opposing counsel below listed on this 21st day of January, 2025:

Andrea G Baran
EEOC-PHOENIX
Equal Employment Opportunity Commission
3300 N Central Ave
Suite 690
Phoenix, AZ 85012
602-640-5016
Fax: 602-640-5009
Email: andrea.baran@eeoc.gov

Joshua C Stockton
Equal Employment Opportunity Commission
215 Dean A. McGee Ave., Ste 524
Oklahoma City, OK 73102
405-666-0387
Email: joshua.stockton@eeoc.gov

Lauren W Johnston
Equal Employment Opportunity Commission
215 Dean A. McGee Ave., Ste 524
Oklahoma City, OK 73102
405-666-0379
Email: lauren.johnston@eeoc.gov

Patrick J. Holman, OBA No 21216
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Oklahoma City Area Office
215 Dean A. McGee Ave., Suite 524
Oklahoma City, OK 73102
(405) 666-0374 (telephone)
(314) 539-7895 (fax)
Email: patrick.holman@eeoc.gov

Gregg J. Lytle
Lincoln C. Hatfield
8211 East Regal Place, Suite 100
Tulsa, OK 74133
Ph: (539) 235-5520
Email: glyltle@grsm.com
lhatfield@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
*Attorneys for Defendant*

Jennifer L. Arendes
Equal Employment Opportunity
Commissions
1222 Spruce Street, Room 8.100
St. Louis, Missouri 63103
314-798-1929
Email: jennifer.arendes@eeoc.gov

*Attorneys for Plaintiff EEOC*

s/ Mark Hammons