## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| LEISA SHANNON, ) | |
| ) | |
| Plaintiff-Intervenor, ) | |
| ) | |
| v. ) | Case No. CIV-24-1016-PRW |
| ) | |
| SUNROOMS AND MORE DESIGN ) | |
| CENTER, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant Sunrooms and More Design Center, Inc.'s Motion to Dismiss (Dkt. 28); Plaintiff Equal Employment Opportunity Commission's Response (Dkt. 29); and Defendant's Reply (Dkt. 32). For the following reasons, the Court **DENIES** the Motion (Dkt. 28).

### *Background*

This is a Title VII sex discrimination case. The EEOC filed its Complaint (Dkt. 1) on behalf of Leisa Shannon and other female employees of Sunrooms. Sunrooms is an Oklahoma design studio that installs sunrooms in residential and commercial spaces and is owned by Donald Durrett. According to the Complaint, since at least November 2021, Mr. Durrett subjected Ms. Shannon and other female employees to a sexually hostile work environment. In response to the alleged harassment, Ms. Shannon reported Mr. Durrett's

1

inappropriate comments and sexual touching to her General Manager Michael Hainrihar. Sunrooms reportedly retaliated against Ms. Shannon by sending her home early without pay and denied her request for time off and earned bonuses. These actions, per the Complaint, led to Ms. Shannon's constructive discharge on May 15, 2023.

Ms. Shannon filed a charge of discrimination with the EEOC in 2023. On August 4, 2024, the EEOC issued Sunrooms a Letter of Determination and afforded them an opportunity to fix the alleged discriminatory practice. Because the EEOC was unable to reach a conciliation agreement with Sunrooms, it issued Sunrooms a Notice of Failure of Conciliation on August 29, 2024. The EEOC filed its Complaint against Sunrooms on September 30, 2024. Sunrooms now moves to dismiss this Complaint.

### *Legal Standard*

**I.    Motion to Dismiss**

In reviewing a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the Court must satisfy itself that the pleaded facts state a claim that is plausible.[1] All well-pleaded allegations in the complaint must be accepted as true and viewed "in the light most favorable to the plaintiff."[2] Additionally, the Court must "draw all reasonable inferences in favor of the non-moving party[.]"[3] While factual allegations are taken as true, a court

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

[2] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (citation and internal quotation marks omitted).

[3] *Doe v. Woodard*, 912 F.3d 1278, 1285 (10th Cir. 2019) (citation omitted).

need not accept mere legal conclusions.[4] "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are not enough to state a claim.[5]

## II.   Section 706 and "Class" Claims

As a preliminary matter, Sunrooms challenges the EEOC's inclusion of unnamed female group members. Sunrooms argues that the EEOC does not provide a sufficiently detailed description of the unnamed female plaintiffs to satisfy Rule 8. Thus, the question arises of how much factual detail the EEOC must provide for each member of the group to satisfy Rule 8. Few courts have addressed this issue.

The EEOC brings this action pursuant to its authority under §§ 706(f)(1) and (3) of Title VII. Section 706 permits the EEOC to file a lawsuit on behalf of one or more aggrieved persons.[6] In § 706 actions, "the EEOC is not merely a proxy for the victims of discrimination."[7] Rather, "it acts also to vindicate the public interest in preventing

---

[4] *Khalik v. United Air Lines*, 671 F.3d 1188, 1190–91 (10th Cir. 2012).

[5] *Id.* (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555).

[6] 42 U.S.C. § 2000e-5(f)(1).

[7] *General Tel. Co. of the Northwest, Inc. v. EEOC*, 446 U.S. 318, 326 (1980).

employment discrimination."[8] Therefore, when the EEOC files a § 706 action, it does not need to comply with Rule 23's class-certification procedure.[9]

Although Rule 23 does not apply here, the EEOC is not exempt from federal pleading requirements.[10] Rule 8 requires a complaint to give a defendant fair notice of the plaintiff's claims and the grounds on which those claims rest.[11] But it does not require the EEOC to plead detailed factual allegations for each member of the aggrieved group[12] or identify every group member.[13] Instead, the EEOC must only "plead[] factual content that allows the court to draw the reasonable inference" that Sunrooms violated provisions of Title VII as to the aggrieved group.[14] Thus, "the unique role of the EEOC is such that courts generally have allowed complaints with 'class' allegations comparable to those asserted here to move forward[.]"[15] Specifically, the EEOC here names one member, identifies the statutes Sunrooms allegedly violated, the time frame in which those alleged violations occurred, the types of conduct to which the named and unnamed group members were

---

[8] *Id.*

[9] *Id.* at 323.

[10] *Cazorla v. Koch Foods of Mississippi, LLC*, Nos. 3:10cv135-DPJ-FKB, 3:11cv391-DPJ-FKB, 2013 WL 11328253, at *3 (S.D. Miss. Aug. 28, 2013).

[11] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

[12] *EEOC v. Tesla, Inc.*, 727 F. Supp. 3d 875, 892 (N.D. Cal. 2024).

[13] *EEOC v. U.S. Steel Corp.*, No. 10-1284, 2012 WL 3017869, at *10 (W.D. Pa. July 23, 2012).

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Ms. Shannon and the unnamed plaintiffs form the total group of aggrieved individuals with respect to the hostile work environment claim. Ms. Shannon alone is the sole member identified in the remaining claims.

[15] *EEOC v. United Parcel Service, Inc.*, No. 09-cv-5291, 2013 WL 140604, at *6 (N.D. Ill. Jan. 11, 2013).

subjected, and the remedies sought. For this reason, and as further expanded upon below, the Court finds that the EEOC has stated claims for hostile work environment and retaliation.

*Analysis*

I.   **The Court Denies the Motion.**

   A.   **The EEOC stated a claim for hostile work environment.**

Title VII prohibits employers from "discriminat[ing] against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."[16] In function, "[t]his statutory provision prohibits subjecting an employee to a hostile work environment."[17] "To establish a sexually hostile work environment existed, a plaintiff must prove the following elements: (1) she is a member of a protected group; (2) she was subject to unwelcome harassment; (3) the harassment was based on sex; and (4) [due to the harassment's severity or pervasiveness], the harassment altered a term, condition, or privilege of the plaintiff's

---

[16] 42 U.S.C. § 2000e-2(a)(1).

[17] *Dick v. Phone Directories Co., Inc.*, 397 F.3d 1256, 1262 (10th Cir. 2005).

employment and created an abusive working environment."[18] Sunrooms challenges whether the aggrieved group suffered from severe and pervasive harassment.

To establish this element, "a plaintiff must allege facts showing that the work environment 'is both subjectively *and* objectively hostile or abusive[.]'"[19] To do so, the Courts must look at the totality of the circumstances, which includes "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."[20] Severity and pervasiveness "are, to a certain degree inversely related; a sufficiently severe episode may occur as rarely as once …, while a relentless pattern of lesser harassment that extends over a long period of time also violates the statute."[21]

The Complaint identifies numerous incidents where Sunrooms's owner made unwanted sexual comments to female employees, such as "[a]sking female employees if they were ready for their birthday spankings" and "[t]elling a female employee her voice was 'sexy.'"[22] More egregiously, the Complaint also points to various examples of unwelcomed touching, like "[g]rabbing a female employee's buttocks and around the waist" or "[g]rabbing a female employee's thigh-high sock at the thigh and pulling it down

---

[18] *Id.* at 1262–63.

[19] *Brown v. LaFerry's LP Gas Co., Inc.*, 708 Fed. App'x 518, 520 (10th Cir. 2017) (quoting *Lounds v. Lincare, Inc.*, 812 F.3d 1208, 1222 (10th Cir. 2015)) (emphasis in the original).

[20] *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993).

[21] *Tademy v. Union Pacific Corp.*, 614 F.3d 1132, 1144 (10th Cir. 2008) (quoting *Cerros v. Steel Techs., Inc.*, 288 F.3d 1040, 1047 (7th Cir. 2002)).

[22] Compl. (Dkt. 1), at 4.

to her ankle."²³ With respect to Ms. Shannon, the Complaint states that Ms. Shannon reported to her General Manager that Mr. Durrett made sexual comments toward her and touched her inappropriately.²⁴ At this stage, these allegations allow the Court to draw the reasonable inference that Mr. Durrett subjected Ms. Shannon and other female employees to severe and pervasive harassment.

### B. The EEOC stated a claim for retaliation.²⁵

Sunrooms argues that the EEOC fails to state a claim for retaliation. To plead a Title VII retaliation claim, "[the EEOC] must demonstrate that: (1) [Ms. Shannon] engaged in protected opposition to discrimination; (2) [Sunrooms] took an adverse employment action against her; and (3) there exists a causal connection between the protected activity and the adverse action."²⁶ The Court addresses each element in turn.

#### 1. *The EEOC plausibly alleged protected opposition to discrimination.*

In the Tenth Circuit, "[p]rotected opposition can range from filing formal charges to voicing informal complaints to superiors."²⁷ Here, the EEOC alleges that Ms. Shannon

---

²³ *Id.* at 4–5.

²⁴ *Id.* at 5.

²⁵ Sunrooms's motion to dismiss vaguely refers to the EEOC's "compensation claims." It's unclear which of the EEOC's causes of action this argument is intended to address. Sunrooms cites to cases discussing state contractual wage laws and breach of employment agreements but the EEOC does not attempt to state these types of claims, nor could they. *See* 42 U.S.C. § 2000e-5. Because the EEOC primarily discusses improper compensation in terms of the retaliation claim, the Court addresses Sunrooms' arguments in this proper context.

²⁶ *Stover v. Martinez*, 382 F.3d 1064, 1071 (10th Cir. 2004).

²⁷ *Hertz v. Luzenac America, Inc.*, 370 F.3d 1014, 1015 (10th Cir. 2004).

directly told Mr. Durrett that his conduct was inappropriate and unwelcomed. The EEOC further alleges that she reported Mr. Durrett's sexual comments and physical advances to her General Manager. But Sunrooms contends that Ms. Shannon, in fact, never reported her harassment to Sunrooms. This argument, however, improperly focuses on evidentiary sufficiency rather than legal conclusions. In this posture, the Court must accept the plaintiff's factual allegations as true.[28] Ultimately, the EEOC's factual allegations are sufficient to plausibly plead Ms. Shannon engaged in protected opposition to discrimination.

### 2. *The EEOC plausibly alleged materially adverse acts.*

Title VII's antiretaliation provision "prohibit[s] employer actions that are likely 'to deter victims of discrimination from complaining to the EEOC,' the courts, and their employers."[29] "And normally petty slights, minor annoyances, and simple lack of good manners will not create such deterrence."[30] Thus, an employer's action is materially adverse if it would objectively deter a reasonable employee from engaging in a protected activity.[31]

The EEOC alleges that Sunrooms withheld pay from Ms. Shannon and denied her bonuses and vacation time. As above, Sunrooms contests the factual accuracy, not the legal

---

[28] *Khalik*, 671 F.3d at 1190–91.

[29] *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 346 (1997)).

[30] *Id.*

[31] *See id*. at 68–69, 73 (holding that a 37-day suspension without pay is materially adverse).

sufficiency, of the EEOC's allegations. Specifically, Sunrooms argues that there is no evidence of improper payment. Yet again, however, this is the wrong posture to attack the factual accuracy of the Complaint. This Court holds that a reasonable juror could find that improper payment and the denial of benefits are materially adverse acts.

### 3. *The EEOC plausibly alleged a causal connection.*

"The plaintiff may demonstrate a causal nexus between her protected conduct and the adverse employment action 'by proffering evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action.'"[32] Temporal proximity between the protected activity and the material adverse act is sufficient to establish a causal connection.[33]

Here, the EEOC alleges that Mr. Durrett attempted to send Ms. Shannon home without pay shortly after she reported his inappropriate behavior. Sunrooms responds that Ms. Shannon's voluntary resignation breaks the casual chain. But it does not make sense how her voluntary resignation breaks the chain between the protected activity (i.e., reporting harassment) and the adverse acts (i.e., improper payment and denial of benefits), if the adverse acts are what caused the constructive discharge. Rather the chain here would run as follows: Ms. Shannon reported the harassment, which caused Sunrooms to withhold pay and deny benefits, which then compelled Ms. Shannon to resign. Accordingly, a

---

[32] *Lounds v. Lincare, Inc.*, 812 F.3d 1208, 1234 (10th Cir. 2015) (quoting *Stover*, 382 F.3d at 1071).
[33] *O'Neal v. Ferguson Const. Co.*, 237 F.3d 1248, 1253 (10th Cir. 2001).

reasonable juror could find that the short period between Ms. Shannon reporting harassment and being denied pay and benefits is sufficient to establish a causal connection.

## II. EEOC's claims are not barred by res judicata.

Sunrooms argues that the EEOC's claims as to the unnamed plaintiffs are barred by res judicata. "Under Tenth Circuit law, claim preclusion applies when three elements exist: (1) a final judgment on the merits in an earlier action; (2) identity of the parties in the two suits; and (3) identity of the cause of action in both suits."[34] And "[r]es judicata is an affirmative defense on which the defendant has the burden to set forth facts sufficient to satisfy the elements."[35]

Sunrooms does not attempt to establish any of the above elements. Nowhere in its motion to dismiss does Sunrooms identify a prior final judgment that precludes the instant action. At best, Sunrooms states, "[b]ased upon statements included within the Complaint, Sunrooms *believes* that one of the 'others' may be an individual who previously filed an action with the EEOC."[36] But Sunrooms never names such action. Because Sunrooms fails to present any prior final judgment beyond mere speculation, the Court finds that the case

---

[34] *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005).

[35] *Nwosun v. Gen. Mills Restaurants, Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997).

[36] Def.'s Mot. to Dismiss (Dkt. 28), at 7 (emphasis added).

is not currently barred by res judicata. However, if throughout the course of litigation, a past judgment is revealed, then Sunrooms may re-raise this argument.

### *Conclusion*

Accordingly, the Court **DENIES** the Motion (Dkt. 28).

**IT IS SO ORDERED** this 20th day of February 2026.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE