**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

**Plaintiff,**

LEISA SHANNON,

**Plaintiff-Intervenor**

v.

SUNROOMS AND MORE
DESIGN CENTER, INC.,

**Defendant.**

**CIVIL NO. CIV-24-1016-PRW**

## JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference: Wednesday, April 8, 2026

Appearing for Plaintiff:

Patrick J. Holman, OBA #21216
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Oklahoma City Area Office
215 Dean A. McGee Ave., Suite 524
Oklahoma City, OK 73102
Telephone: (405) 666-0374
patrick.holman@eeoc.gov

Appearing for Plaintiff-Intervenor:

Mark E. Hammons, OBA #3784
Tammy Vo, OBA #36288
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
assistant@hammonslaw.com
tammy@hammonslaw.com

Appearing for Defendant:

Robert A. Bragalone, OBA #31898
Lincoln C. Hatfield, OBA #32005
**GORDON REES SCULLY
MANSUKHANI, LLP**
3030 NW Expressway, Ste. 300 #682
Oklahoma City, Oklahoma 73112
Telephone: (214) 231-4660
bbragalone@grsm.com
lhatfield@grsm.com

**Jury Trial Demanded ■  -  Non-Jury Trial □**

1.    **BRIEF PRELIMINARY STATEMENT**.  State briefly and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct alleged unlawful employment practices based on sex and to provide appropriate relief to Plaintiff-Intervenor and Charging Party, Leisa Shannon, and a proposed class of female employees working for Defendant from October 2022 to present. Collectively, the Plaintiffs alleged that the Defendant, Sunrooms and More Design Center, Inc., subjected Shannon and other female employees to a sexually hostile work environment, retaliated against Shannon for reporting sexual harassment, and caused Shannon's constructive discharge. Plaintiff-Intervenor also alleges that Defendant denied Shannon compensation in violation of Oklahoma's Protection of Labor Act. Defendant denies the allegations. Defendant denies each of the above allegations and denies that the collective Plaintiffs are entitled to any relief.

2.    **JURISDICTION**.   State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 2000e-5(f)(1) and 28 U.S.C. §§ 1331, 1337, 1343, 1345, and 1367.

3.    **STIPULATED FACTS**.  List stipulations as to all facts that are not disputed, including jurisdictional facts.

1. At all relevant times, Defendant has continuously been an Oklahoma LLC

doing business in the State of Oklahoma and the City of Edmond and has continuously had at least 15 employees.

2. This Court has jurisdiction and venue is proper.

3. Defendant employed Leisa Shannon, a female, from November 24, 2021, until May 15, 2023.

4. Minority owner and general manager Michael Hainrihar performs the human resources functions for the Defendant and directly supervised Shannon.

5. Majority owner Donald "Don" Durrett has owned Sunrooms & More Design Center for more than 39 years.

4.   **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

   a.   Plaintiff & Plaintiff-Intervenor:

   Defendant employed Plaintiff Leisa Shannon from November 24, 2021, until her constructive discharge on May 15, 2023. Throughout her employment, Defendant's majority owner, Don Durrett, subjected her to daily sexual harassment, including comments about her appearance and "sexy" voice, sexual innuendos, and inappropriate remarks such as telling her not to "get pregnant" and asking if she was ready for a "birthday spanking." Durrett acknowledged his own misconduct by saying he would "get in trouble" for his comments.

   Minority owner and general manager Michael Hainrihar, who handled HR functions and supervised Shannon, knew of the harassment. Rather than intervene, he warned female employees to "be careful" around Durrett and monitored workplace cameras to observe Durrett's interactions with women. Defendant had no anti-harassment policies, reporting procedures, postings, or EEO training.

   In early April 2023, Durrett escalated the harassment by physically touching Shannon's legs without consent, pulling down her thigh-high sock and scratching her leg while commenting on her appearance. Shannon immediately reported the incident to Hainrihar, who still took no corrective action.

   After her complaint, Defendant retaliated. Hainrihar told Shannon to take unpaid time off to "get [her] life together," later reprimanded her for leaving the workplace as he suggested, withheld earned bonuses on multiple occasions, denied a previously approved vacation day, and

3

informed her that he intended to hire a former employee – a move that would reduce her ability to earn commissions.

And Durrett's harassment continued unabated, including further sexual comments on or about May 2 and May 8, 2023. Shannon also knew Durrett sexually harassed other female employees, including unwanted touching of their waist, back, legs, and buttocks, and sexual comments.

Unable to endure the ongoing harassment and retaliation and Defendant's refusal to correct it, Shannon was constructively discharged on May 15, 2023.

Such factual contentions give rise to violations of Title VII's prohibition against sex discrimination and retaliation and Oklahoma's Protection of Labor Act.

As a result of Defendant's unlawful conduct, Shannon and other female victims of sexual harassment, have suffered lost income and emotional distress for which Plaintiffs seek to recover back pay damages, compensatory damages, punitive damages, withheld bonuses and liquidated damages, and attorney fees and costs as permitted by law.

b. Defendant:

Defendant denies Plaintiffs' allegations and contends that Sunrooms did not subject Shannon or any other employee to unlawful harassment, discrimination, or retaliation. Defendant contends the alleged conduct, which Defendant denies occurred, was not sufficiently severe or pervasive to create an actionable hostile work environment, that Shannon did not suffer a constructive discharge, and that any employment-related decisions concerning her were based on legitimate, nondiscriminatory, and nonretaliatory reasons.

Defendant further contends Shannon was properly compensated at all relevant times and that no wages, bonuses, or other compensation were unlawfully withheld. Defendant also asserts that Plaintiffs' claims are barred or limited, in whole or in part, by applicable conditions precedent, exhaustion and scope-of-charge principles, limitations defenses, failure to mitigate, and the lack of any factual or legal basis for class-wide or pattern-or-practice relief.

4

Defendant therefore denies liability and denies that Plaintiffs are entitled to the damages and other relief sought.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.
Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?

□ Yes ■ No

6. **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

There are no pending motions currently.

Pending information obtained in discovery, Plaintiff EEOC anticipates filing a motion for partial summary judgment on one or more claims and defenses.

Plaintiff-Intervenor anticipates filing a motion for protective order and a motion for partial summary judgment, if warranted by the facts.

7. **COMPLIANCE WITH RULE 26(a)(1)**.  Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?  □ Yes ■ No –
If "no," by what date will they be made? the Parties agree to exchange Rule 26(a)(1) disclosures, and produce copies of documents identified therein, by or before close of business on Wednesday, April 1, 2026.

8. **PLAN FOR DISCOVERY**.

A.     The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on Friday, March 13, 2026, at 2:00 p.m.

B.     The parties anticipate that discovery should be completed within eight (8) months.

C.     In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? Six (6) months.

D.      Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

■ Yes □ No

E.      Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

■ Yes □ No

To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

None.

_____

F.      Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

Plaintiff EEOC, Plaintiff-Intervenor Leisa Shannon, and Defendant Sunrooms and More Design Center, Inc. jointly move the Court to enter the Parties' Agreed Protective Order (attached as **Exhibit 1**). The Parties anticipate exchanging written discovery and documents that may contain confidential information, including personnel records of non-parties and Defendant's commercially sensitive, trade secret, or proprietary business materials. To safeguard such information from disclosure outside this litigation, the Parties have agreed to the proposed Protective Order. Accordingly, the Parties respectfully request that the Court approve and enter the jointly submitted Agreed Protective Order.

_____

9.   **ESTIMATED TRIAL TIME**:  3 days

10.  **BIFURCATION REQUESTED**:  □ Yes ■ No

11.  **POSSIBILITY OF SETTLEMENT**:    □ Good ■ Fair □ Poor

12.  **SETTLEMENT AND ADR PROCEDURES**:

     A.   Compliance with LCvR 16.1(a)(1) - ADR discussion:  ■Yes    □ No

     B.   The parties request that this case be referred to the following ADR process:

          □ Court-Ordered Mediation subject to LCvR 16.3
          □ Judicial Settlement Conference
          □ Other _____
          ■ None - the parties do not request ADR at this time.

13.  Parties consent to trial by Magistrate Judge?  □ Yes    ■ No

14.  Type of Scheduling Order Requested.  ■ Standard  -  □ Specialized  (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

     Submitted this 1st day of April, 2026.


                              /s/ *Patrick J. Holman*
                              Counsel for Plaintiff

                              Patrick J. Holman, OBA #21216
                              U.S. EQUAL EMPLOYMENT
                              OPPORTUNITY COMMISSION
                              Oklahoma City Area Office
                              215 Dean A. McGee Ave., Suite 524
                              Oklahoma City, OK 73102
                              Telephone: (405) 666-0374
                              patrick.holman@eeoc.gov

                              /s/ *Mark E. Hammons*
                              Counsel for Plaintiff Intervenor
                              (Signed by Filing Attorney

7

with permission of Attorney)
Mark E. Hammons, OBA #3784
Tammy Vo, OBA #36288
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
assistant@hammonslaw.com
tammy@hammonslaw.com


/s/ *Lincoln C. Hatfield*
Counsel for Defendant
(Signed by Filing Attorney
with permission of Attorney)
Robert A. Bragalone, OBA #31898
Lincoln C. Hatfield, OBA #32005
**GORDON REES SCULLY
MANSUKHANI, LLP**
3030 NW Expressway, Ste. 300 #682
Oklahoma City, Oklahoma 73112
Telephone: (214) 231-4660
bbragalone@grsm.com
lhatfield@grsm.com

8