**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1.  EQUAL EMPLOYMENT OPPORTUNITY<br>     COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| 2.  LEISA SHANNON, | ) | |
| | ) | |
| Plaintiff-Intervenor, | ) | |
| | ) | |
| v. | ) | No. CIV-24-1016-PRW |
| | ) | |
| 1.  SUNROOMS AND MORE DESIGN<br>     CENTER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PROTECTIVE ORDER**

**PURSUANT TO APPLICATION AND FOR GOOD CAUSE** this Court enters the following Protective Order governing confidential and private material obtained in this case.

1.  The following materials obtained during the course of this litigation are deemed private and confidential and subject to this Order:

A.  Medical, psychological or counseling records related to the Plaintiff or any other persons and information contained in such records.

B.  Tax returns, pay stubs, loan applications, financial statements and W-2 forms related to the Plaintiff.  Non-public financial information of the Defendant.  Salary, payroll, tax, insurance, benefit or retirement records and beneficiary designations or like records of any persons including employees of the Defendant.

C.  Personnel records and information designated as confidential by the Open Records Act shall be maintained as confidential, but information

1

EXHIBIT 1 -
Proposed Agreed
Protective Order

open to public inspection shall not be confidential.

    D.    Social Security numbers and dates of birth of any persons.

    E.    The names of minor children or incompetent persons. Such persons shall be identified by initials.

    F.    Home address and phone numbers of state employees, and unlisted home addresses or unlisted home phone numbers of third parties.

    G.    Educational records of any persons to the extent such records are covered by 20 U.S.C. 1232g.

    H.    Conciliation materials made Confidential by 42 U.S.C. 2000e-5(b).

2. The confidential materials described above shall remain confidential and, absent permission by the Court, will be used only for the purpose of preparation and presentation of this case.

3. This Order is an authorization to provide home addresses, home telephone numbers, social security numbers, and information related to personal electronic communication devices of current and former state employees and no further Order under 74 O.S. 840-2.11 is required.  No objection to such discovery can be based on 74 O.S. 840-2.11 or any provisions of the Oklahoma Open Records Act, however any other substantive objection can be made.  Permission is granted to exclude home addresses and home phone numbers from any witness list or pretrial order.

4. Subject to special limitations on tax returns, education records, medical, psychological or counseling records, and trade secrets such materials may be disclosed to:

    A.    The parties;

    B.    The attorneys for the parties and the attorneys staff;

C.     Court staff and staff of the Court Clerk;

D.     Any witness during the course of depositions;

E.     Any court reporter or videographer;

F.     Any person who is or reasonably may be expected to be a witness in this action, and

G.     Any expert, consultant, or other person retained or consulted in connection with this action who reasonably needs access to such material for purposes of assisting counsel in the preparation, prosecution, defense, or settlement of this action.

H.     The Charging Party and Plaintiff-Intervenor, Leisa Shannon.

5.     In the case of tax returns, grade transcripts, medical, psychological or counseling records, and trade secrets the records or the contents thereof may be disclosed only to the following persons without leave of court: (1) counsel for the parties; (2) expert witnesses or consultants who are qualified to evaluate such records; (3) insurance company representatives, and (4) the person who is the subject of the records or the guardian of such person. Expert witnesses and insurance representatives must be instructed to preserve the confidentiality of the records. This Order shall not preclude either counsel from communicating a general assessment or analysis of the impact of the records or their contents or an assessment or analysis by their expert witness(es) to their clients for purposes of settlement discussion or case preparation.

6.     In the case of disclosure of records or confidential information to persons who are potential witnesses as described in Par. 4(G), the disclosing party may not provide the potential witness with a copy of any confidential document but

3

may show such document or orally share that information.  Such persons must be advised that the information is subject to a confidentiality order and that such order applies to them.   Such persons must be advised that they must maintain such information as confidential.

7.    **Sealing Records**.  A party seeking to seal records shall make application with this Court showing why such records should be sealed prior to filing under seal.  Prior to filing as a public record any confidential conciliation materials, medical, counseling or psychological records, marital records, grade transcripts, trade secrets, non-public financial records or tax returns, the party desiring to file the same as part of a public record shall give twenty-one (21) days notice of that intention and shall confer with the opposing counsel. Thereafter, the parties shall promptly confer and if no agreement is reached, the party seeking to have the materials sealed shall file a motion seeking such sealing.   The Court grants permission for the party seeking sealing or opposing sealing to file the proposed sealed documents as a sealed attachment to the motion.   The Court shortens the briefing schedule on issues of sealing as follows: The answer brief opposing sealing shall be filed shall be filed within eleven (11) days after the motion to seal is filed and any reply shall be filed five (5) days after the answer brief is filed.   The parties will comply with the procedures set forth in the Electronic Filing Policy and Procedures Manual (ECF Policies & Procedures Manual) and General Order 25-7 for filing under seal confidential documents which are subject to this protective order.   In lieu of filing under seal, parties will be allowed to redact the restricted portions of the information from documents filed with the Court unless that confidential information is material to the issue being presented.

8. Information that is confidential shall be marked confidential.

9. Control and distribution of the information and/or documents subject to this Order shall be the responsibility of the attorneys of record. Counsel shall instruct any individual who views confidential information that such person is bound by the terms of this Order and must not reveal the information to any other persons.

10. This Order shall remain in force unless and until it is modified by this Court.

11. Information filed of record or presented in open court shall, except for sealed information, cease to be confidential when so filed or presented subject, however, to the right of either party to move separately for the sealing of such information or for its withdrawal from the public record.

12. The entry of this protective order does not constitute a determination that any material designated as confidential are either relevant, admissible or subject to being produced during discovery. Each party retains the right to make substantive objections to discovery requests other than those based on privacy or confidentiality.

13. This Order shall not affect or limit the presentation of evidence, including materials marked as confidential, during the trial of this action.

14. At the conclusion of the litigation, which includes completion of all appeals, matters on remand or the expiration of time for appealsB counsel shall, if requested, return tax records, medical/counseling records, educational records and trade secrets, except that the return or destruction of confidential information possessed by EEOC, an agency of the federal government, shall conform to agency regulations and policy governing the retention and destruction of case files. The balance of any other confidential records shall

be returned or destroyed at counsel=s option after the passage of five years. If a party seeks the return of confidential documents which have been copied or obtained at the expense of the opposing party, the party seeking their return must reimburse the other party for those initial copying expenses and any costs associated with return of such documents.  It is in all instances the responsibility of the party seeking return of documents to make a formal request for return and set out the proposed manner of return.

**SO ORDERED THIS \_\_\_\_ DAY OF _____, 2026.**

_____

**HON. PATRICK R. WYRICK**
**JUDGE OF THE UNITED STATES**
**DISTRICT COURT**